# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---

**ERIKA SALINAS CARVAJAL,**
**on behalf of herself and others,**

Case No.

              Plaintiff,

HON.

v.

**TRINITY HEALTH MICHIGAN, a Michigan**
**Corporation d/b/a MERCY HEALTH**
**GRAND RAPIDS**

            Defendant.

_____/

**AVANTI LAW GROUP, PLLC**
By: Robert Anthony Alvarez (P66954)
Kristin Sage (P81173)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

_____/

## PLAINTIFF'S ORIGINAL FLSA COLLECTIVE ACTION AND
## RULE 23 CLASS ACTION COMPLAINT

      NOW COMES the Plaintiff, by and through her attorneys, and in this FLSA Collective

and Class Action Complaint states as follows:

### INTRODUCTION

1.     This is a civil action brought by Plaintiff, Erika Salinas Carvajal, on behalf of herself and

    all others similarly situated (hereinafter collectively referred to as "Plaintiffs") to recover

    for Defendant's willful and knowing violation of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §201, et seq. as well as engaging in a Civil Conspiracy to deprive the Plaintiffs of their right to be properly compensated for all hours worked. Named Plaintiff also brings a claim against Defendant for having been unjustly enriched in receiving the benefit of the Plaintiffs' work without properly compensating Plaintiffs for that work. Finally, Named Plaintiff brings a claim for breach of an implied contract between Defendant and Plaintiffs.

2. During the period of the parties' employment relationship, Defendant, together with other entities and individuals, including but not limited to Claudia Abaunza (d/b/a People Connections)(hereinafter all referred to as "Conspirators"), conspired to intentionally misclassify Plaintiffs as independent contractors and failed to pay them for all hours worked as well as failing to pay them the required overtime rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Defendant and Conspirators actively misled Plaintiffs about their right to receive payment for all hours worked and their right to be compensated at a rate of time-and-one-half the regular rate of pay for their hours worked in excess of forty (40) hours in a workweek by telling them they were "independent contractors" and not entitled to be compensated for all hours worked or overtime compensation.

4. Plaintiffs agreed to work for Defendant and Conspirators in exchange for being properly compensated.

5. Defendant and Conspirators employed Plaintiffs as independent contractors and failed to properly compensate them for all hours worked.

6. This arrangement was made between the Defendant and Conspirators in order to circumvent Defendant's obligations under the FLSA, as well as receive the benefit of Plaintiffs' work without properly compensating them for said work.

7. Defendant violated the FLSA by failing to properly pay its employees, namely Plaintiffs, for all hours worked including the overtime premium for each hour worked in excess of forty (40) per workweek. The FLSA requires the non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Named Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 207 and § 216(b).

8. Named Plaintiff is a former employee of Defendant and Conspirator Abaunza, misclassified as an independent contractor, who was entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits, or is terminated and other compensation that is prescribed by law.

9. Defendant Trinity Health, did not and does not pay the proper wages to the Plaintiffs. Named Plaintiff brings this Collective Action to recover unpaid wages, including the overtime premium.

10. Defendant acted to willfully deprive Plaintiffs of their right to be properly compensated for all hours they worked. Named Plaintiff brings a Class Action for damages caused by Defendant's actions in conspiring to deprive Plaintiffs of their unpaid wages.

11. Named Plaintiff brings a Class Action for damages caused by Defendant being unjustly enriched by not having properly compensated Plaintiffs for their work.

12. Named Plaintiff brings a Class Action for damages caused by Defendant's breach of the parties implied employment contract.

13. Members of the Class and Collective Action are hereinafter referred to as "Class Members."

14. Named Plaintiff seeks a declaration that her rights, and those of the Class Members, were violated, an award of unpaid wages, an award of liquidated damages and an award of attorney's fees and costs to make her whole for damages suffered.

## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

16. Defendant business' annual sales exceed $500,000, and Defendant employs more than two persons, so the FLSA applies in this case on an enterprise basis.

17. Defendant's employees engage in interstate commerce; therefore, they are also covered by the FLSA on an individual basis.

18. The Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

19. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claim and are most efficiently resolved together in one court.

20. Defendant business does and did at all times relevant have its principal place of business in Kent County, Michigan, within the United States Judicial District of the Western District of Michigan.

21.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this complaint occurred in this District.

**PARTIES**

22.   Plaintiff Salinas-Carvajal is an individual resident of the County of Kent, state of Michigan.

23.   Named Plaintiff brings this action for violation of the FLSA and a claim of unjust enrichment on behalf of all current and former persons who were, are, or will be employed by Defendant throughout the state of Michigan at any time within the three years prior to the filing of the initial Complaint and through the final disposition of this action, who were, are, or will be eligible for but did not receive overtime compensation, or proper wages for all hours worked.

24.   Named Plaintiff brings this action for Defendant's breach of the parties implied employment contract on behalf of all current and former persons who were, are, or will be employed by Defendant throughout the state of Michigan at any time within the six years prior to the filing of the initial complaint.

25.   Defendant Trinity Health - Michigan operates under the assumed name Mercy Health -Grand Rapids.

26.   Defendant's registered address is 40600 Ann Arbor E. Suite 201, Plymouth, Michigan, and its registered agent is The Corporation Company.

27.   Defendant was, at all times relevant to this complaint, conducting business in Kent County, Michigan.

28. Plaintiff began working for Defendant[1] in May 2010.

29. Plaintiff ceased working for Defendant in December 2015.

30. Plaintiff has executed her consent to sue form, attached hereto as *Exhibit A*.

31. Plaintiff was either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

32. Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

33. Defendant failed to properly compensate Plaintiff for all hours worked.

## GENERAL ALLEGATIONS

34. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

35. At all relevant times, Defendant was Plaintiff's employer and the Defendant was engaged in interstate commerce as defined in the FLSA.

36. At all relevant times, Plaintiff and other Class Members performed interpreting services on behalf of Defendant for Defendant's various medical providers, patients, employees, contractors and service providers.

37. Plaintiff worked at various different locations owned by the Defendant, including but not limited to:

   a. Mercy Health Saint Mary's located at 260 Jefferson Ave. SE, Grand Rapids, Michigan, 49503,

---

[1] Defendant Trinity Health purchased and/or merged with St. Mary's Hospital in or about 2011.

> b. Mercy Health Southwest Campus, located at 2372 64th St., Byron Center, MI 49315,
>
> c. Mercy Health Urgent Care - 1471 E. Beltline Ave NE #201, Grand Rapids, MI 49525, and;
>
> d. Other Mercy Health Clinics.

38. On average, Plaintiff would work six (6) days a week, although Plaintiff would work seven (7) days a week on occasion.

39. On an average day, Plaintiff would work ten (10) hours a day.

40. There were occasions when she would work as many as 12 hours in a day, and other occasions where she would work only four hours in a single day.

41. Conspirator Claudia Abaunza would direct Plaintiff to the facility in which she was to be working for the day.

42. Plaintiff was required to sign in and out when she entered facility of Defendant.

43. Once she signed in, she would call the coordinator on duty at the facility.

44. The coordinator was an employee of Defendant.

45. The coordinator would provide Plaintiff with the details of her first assignment. At the end of each assignment, she would call the coordinator and they would give her the next assignment.

46. Once Plaintiff arrived at the Defendant's facility, she was under the complete control of the coordinator including;

> a. giving her assignments for the day;
>
> b. requiring her to stay at the building even if she was not in an appointment;

    c. letting her know if she was still needed or if she was free to go for the day;

    d. instructing her when to sign in and out; and

    e. informing her when she could go on a lunch break.

47. Plaintiff was sometimes required to wait in case an emergency arose and she was needed to translate.

48. Plaintiff could not come and go as she pleased.

49. Plaintiff was required to submit a timesheet to Conspirator Abaunza, an agent of Defendant.

50. She was required to complete forms stating that she had interpreted for an appointment and have these forms signed by a provider employed by Defendant (receptionist, doctor, coordinator.)

51. This information then had to be entered into a computer and the original given to Conspirator Abaunza.

52. Plaintiff also had to complete a different sign-in/sign-out sheet with Conspirator Abaunza.

53. If Plaintiff needed to leave during the times she was at Defendant's facility, she would have to request permission from a supervisor or coordinator employed by Defendant.

54. If Plaintiff needed to cease work by a certain time, she would have to request permission from a supervisor or coordinator of Defendant.

55. Plaintiff was supervised by Maria - last name unknown - an employee of Defendant.

56. Plaintiff was also at times supervised by Fernando Ribas, an employee of Defendant.

57. During her employment, Plaintiff was under the complete control of Defendant.

58. Defendant determined the amount of hours to be worked by the Plaintiff.

59. Defendant directly supervised the Plaintiff.

60. Defendant controlled the manner in which the Plaintiff performed her work.

61. Plaintiff was not allowed to hire others to perform the work she was doing for the Defendant.

62. Plaintiff had no opportunity for profit or loss in her work with Defendant.

63. Plaintiff had no financial investment in her work with Defendant.

64. Plaintiff did not advertise her services.

65. Plaintiff at all times relevant to this matter worked exclusively for the Defendant.

66. The economic reality of the relationship between the parties is such that Plaintiff was not in business for herself and was completely dependent on Defendant for her income.

67. While Plaintiff was employed by Defendant, Plaintiff was paid at an hourly rate.

68. Plaintiff typically worked between forty-five (45) hours and seventy (70) hours in a given workweek.

69. These hours referenced in the preceding paragraph do not include the time Plaintiff was on call and required to be available to come in for an assignment during that period of time.

70. During the period of time that Plaintiff was on call, she was required to be within a certain radius or travel distance of the Defendant's facilities.

71. Plaintiff was not paid for this time she spent on call.

72. Plaintiff was unable to participate in activities with her family that would have her outside the permitted travel distance from the Defendant's facilities.

73. Plaintiff was paid on a straight time basis regardless of the number of hours worked in a workweek.

74. Plaintiff was paid an hourly rate of $9.00 for the first year and one half. She was then given periodic raises and at the end of her employment, she was being paid $16.00/hour.

75. It is Defendant's company wide policy and practice not to compensate employees like Plaintiff and those in similar positions for all hours worked including failing to pay time and one half for all hours worked over forty (40) in a single workweek.

76. Defendant's decision to enact and enforce its company wide policy and practice regarding the overtime compensation was made in its company headquarters located in Michigan.

77. As a result of Defendant's company wide employment policy, Plaintiff was not compensated for all hours worked at the appropriate rate per workweek.

78. Defendant processes payroll in the State of Michigan.

## CONSPIRACY

79. Prior to Class Members being classified as independent contractors, Defendant directly hired them to work as on site interpreters.

80. Defendant paid Class Members on an hourly basis.

81. Defendant paid Class Members for all hours worked.

82. Defendant paid Class Members an overtime premium of time and one-half the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

83. In or about 2009 or 2010, Defendant conspired with Conspirator Abuanza in order to avoid having to properly compensate Class Members for all hours worked.

84. More specifically, Defendant entered into an agreement with Conspirator Abaunza to have her form her own business entity which would directly hire the Class Members and then lease them to Defendant as independent contractors.

85. Defendant's agreement with Conspirator Abaunza required Abaunza to take responsibility for the payment of wages but allowed for Defendant to continue to retain control over Class Members' schedule, assignments, and work to be performed.

86. In essence, Conspirator Abaunza and her business People Connections directly hired Class Members and paid them their wages. However, once Class Members were at one of Defendant's facilities, Class Members were under the direct supervision and control of Defendant.

87. This arrangement seemingly permitted Defendant to wash its hands of any liability for ensuring that the Class Members were properly compensated for all hours worked.

88. After entering into this arrangement with Conspirator Abaunza, Defendant utilized the Class Members to provide interpretation services as independent contractors almost exclusively instead of hiring interpreters directly.

89. To this day, Defendant continues this arrangement with other entities insofar as Defendant leases interpreters, Class Members, through other entities but retains control over them once they arrive at the facility.

90. Class Members are similarly not properly compensated for all hours worked including on call time and when they are engaged to be waiting for an assignment at Defendant's facility.

## EQUITABLE TOLLING OF CLAIMS

91. Defendant's actions in conspiring with Conspirators to lower its labor costs were done with full knowledge of its obligations to properly compensate Class Members for all hours worked.

92. Defendant's sole purpose in entering into this conspiratorial arrangement with Conspirators was to circumvent its obligation to properly compensate Class Members for all hours worked including its obligations under the FLSA.

93. Defendant knew or should have known that its conspiratorial arrangement with Conspirators was insufficient to free it from its role as an employer of Class Members and to ensure that they were properly compensated for all hours worked.

94. Simply classifying Plaintiff as an independent contractor and having her sign an agreement to that effect was not sufficient under the law to exempt her from an overtime premium.

95. Plaintiffs were misled as to their right to receive compensation for all hours worked including an overtime premium for all hours worked in excess of forty hours per week.

96. Defendant's actions in conspiring with Conspirators to lower its labor costs by depriving Plaintiffs of their right to proper compensation for all hours worked was wilful, intentional and done with reckless disregard for the law and Plaintiffs' rights.

97. Defendant's actions and business arrangement with Conspirators resulted in the concealment of the material fact that Plaintiffs were indeed entitled to be compensated for all hours they were under the control and supervision of Defendant.

98. Because of Defendant's actions the statute of limitations under the FLSA and the common law claims should be equitably tolled for the entire period of Plaintiff's employment.

## COLLECTIVE ACTION ALLEGATIONS

99. Plaintiff realleges and incorporates herein all previous paragraphs.

100. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 U.S.C. § 216(b). Named Plaintiff brings this count on her own behalf and on behalf of all other current or former employees who 1) worked or are working for Defendant at any time in the three years prior to the filing of this action, and 2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiff does not bring this action on behalf of any executive, administrative, or professional employees exempt from coverage under the FLSA.

101. With respect to Count I, a collective action under the FLSA is appropriate because under 29 U.S.C. § 216(b) the employees described are "similarly situated" to the Named Plaintiff.

102. The class of employees on behalf of whom Named Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually Named Plaintiff, were or are subject to the same or similar unlawful practices, policies, or plans as the individually Named Plaintiff, and their claims are based upon the same legal theory as the individually Named Plaintiff.

103. The precise numbers of class individuals are known only to the Defendants, and are believed to include at least fifty (50).

104. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. Plaintiff has worked with other employees of

Defendant who were paid pursuant to the same method she complains of herein, that fails to comply with the law.

105.  Other employees similarly situated to Plaintiff work or have worked for Defendant, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

106.  Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

107.  The Class Members perform or have performed the same or similar work as the Plaintiff and regularly work or have worked in excess of forty (40) hours during a workweek.

108.  Similar to Named Plaintiff, Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

109.  Defendant's failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiff, with respect to her pay, are typical of the experiences of the Class Members.

110.  All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

111.  Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class

Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

112. The precise numbers of class individuals are known only to the Defendant, and are believed to include well over fifty (50) individuals.

113. The class of individuals spans Mercy Health centers in Michigan that enforce a similar policy or practice as alleged in this complaint.

114. As such, the class of similarly situated Class Members are properly defined as follows:

*Individuals who currently provide or provided interpreter services for St. Mary's Hospital and/or Mercy Health Hospital and their affiliates, who were classified as independent contractors and paid on an hourly basis.*

115. The FLSA Collective is readily identifiable and locatable through use of the Defendant's records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

### RULE 23 CLASS ALLEGATIONS

116. Plaintiff realleges and incorporates herein all previous paragraphs.

117. Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of: *Individuals who currently provide or provided interpreter services for St. Mary's Hospital and/or Mercy Health Hospital and their affiliates, who were classified as independent contractors and paid on an hourly basis.* Plaintiff reserves the right to amend this definition as necessary.

118. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates there are Fifty (50) or more Rule 23 Class Members. Rule 23 Class Members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

119. There is a well-defined community of interest among Rule 23 members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether Defendant conspired with others to deprive Rule 23 Class Members of the compensation they were due for all hours worked;

   b. Whether the Rule 23 Class Members were properly paid for all hours worked; and

   c. Whether Defendant's non-payment of wages for all compensable time amounted to Defendant being unjustly enriched as well as a breach of an implied contract;

120. Named Plaintiff's claims are typical of those of the Rule 23 Class in that she and all other Rule 23 Class Members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiff's claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class Members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class Members.

121. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and she retains counsel who is qualified and experienced in the prosecution of wage and hour class

actions. Neither Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

122. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Class Members to prosecute individual actions of their own, given the relatively small amount of damages at stake, for each individual, along with the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

123. This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has records that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

124. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

125. Because Defendant acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, et seq., FAILURE TO PAY OVERTIME

126. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

127. At all times relevant to this action, Defendant was an "employer" under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

128. Plaintiff was an "employees[s]" of the Defendant as defined under 29 U.S.C. § 203(e)(1) of the FLSA.

129. Defendant "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff as defined by the FLSA.

130. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) was employed in an enterprise engaged in commerce or in the production of goods for commerce.

131. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

132. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium for all hours worked in excess of 40 hours per workweek.

133. Defendant's violations of the FLSA were knowing and willful.

134. As a result of Defendant's violation, Plaintiff is entitled to her unpaid wages plus an additional equal amount in liquidated statutory damages, as well as exemplary damages along with costs and a reasonable attorney's fee.

## COUNT II
## BREACH OF CONTRACT CLASS ACTION

135. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

136. At all times relevant to this action, Defendant had a binding and valid implied contract with Plaintiff and every other Rule 23 Class Member to properly compensate them for

each hour they worked in consideration of the work duties Plaintiff and the Rule 23 Class Members performed on Defendant's behalf.

137. Each Rule 23 Class Member, including Plaintiff, was paid an hourly rate.

138. Plaintiff and every other Rule 23 Class Member performed under the agreement by doing their jobs and carrying out the work they performed each shift, including the unpaid work that was required of them, accepted by Defendant, and that they performed, in connection with their shifts which lasted more than forty (40) hours in a workweek.

139. By not paying Plaintiff and every other Rule 23 Class Member for every hour worked, Defendant systematically breached the contract with Plaintiff and each member of the Rule 23 Class.

140. Plaintiffs' remedies under the FLSA are inadequate in this matter to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour but less than the agreed upon wage for all hours worked including time and one-half for all hours worked in excess of 40 hours per week (i.e., pure "gap time" claims).

141. As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiff and every other member of the Rule 23 Class have been damaged, in an amount to be determined at trial.

142. These claims are appropriate for class certification under Rules 23(b)(2) and (b)(3) because the breach of contract claim applies to all Class Members.

## COUNT III

## UNJUST ENRICHMENT CLASS ACTION

143.   Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

144.   Defendant received the benefit of the work performed by Plaintiff and Rule 23 Class Members.

145.   Plaintiff and Class Members were to receive compensation for all hours worked including on call time.

146.   Defendant did not properly compensate Plaintiff and Rule 23 Class Members for all hours worked.

147.   Defendant unjustly retained the benefit of the work performed by Plaintiff and the Rule 23 Class Members.

148.   It would be inequitable for the Defendant to be allowed to retain the benefit of the work performed by Plaintiff and Rule 23 Class Members without giving them proper compensation.

149.   As a direct and proximate result of Defendant's actions alleged herein, Defendant was unjustly enriched by the benefit it received from Plaintiffs' work and Plaintiff and every other member of the Rule 23 Class have been damaged, in an amount to be determined at trial.

150.   These claims are appropriate for class certification under Rules 23(b)(2) and (b)(3) because the unjust enrichment claim applies to all Class Members.

## COUNT IV

## CIVIL CONSPIRACY CLASS ACTION

151. Plaintiff re-alleges and incorporates all previous paragraphs herein and further allege as follows.

152. Defendant entered into an agreement, or preconceived plan, to engage in the unlawful act of depriving Plaintiffs of their right to receive overtime pay, with other entities and individuals.

153. Defendant took these actions in pursuance of a common plan or scheme.

154. Defendant planned, with other entities and individuals, to only hire interpreters through other agencies and label them as independent contractors, so that they could avoid having to pay Plaintiff the appropriate overtime rate.

155. This plan was undertaken for the unlawful purpose of avoiding having to pay Plaintiffs time and one half for all hours over forty (40) in a single workweek.

156. Defendant undertook this action being fully aware that they were legally required to pay Plaintiffs overtime and were attempting to avoid this obligation.

157. Defendant violated the FLSA when it classified Plaintiffs as independent contractors and refused to pay them time and one half for all hours over 40 worked.

158. Defendant harmed the Plaintiff, and all others who they classified as independent contractors, by depriving them of their overtime wages.

159. This harm was done to all individuals who Defendant improperly classified as independent contractors.

160. This harm created a group of wronged individuals, and therefore this count is most adequately pursued through a class action.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests the following relief:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set for in Count I;

B. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Breach of Contract claim (Count II);

C. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Unjust Enrichment claim (Count III);

D. Certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiff's Conspiracy claim (Count IV);

E. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential Class Members of their rights under this litigation;

F. Designation of Named Plaintiff as Representative of the Class Members;

G. An Order tolling the applicable limitations periods under equitable principles;

H. An Order declaring Defendant willfully violated the FLSA;

I. An Order declaring Defendant acted as part of a civil conspiracy in order to deprive Plaintiffs of their right to proper compensation for all hours worked;

J.  Granting judgment in favor of Plaintiff and Class Members and against Defendant on the FLSA claim as set forth in Count I and awarding each the amount of his/her unpaid overtime wage, along with an equal amount as liquidated damages;

K.  Granting Judgment in favor of Plaintiff and Class Members and against Defendant on the state claims and awarding each the amount owed for those violations of their rights;

L.  Awarding Plaintiff and Class Members the costs of this action;

M.  Awarding Plaintiff and Class Members reasonable attorneys' fees pursuant to the FLSA 29 U.S.C. § 201, et seq.;

N.  Awarding Plaintiff and Class Members pre- and post-judgment interest on their damages;

O.  Defendant pay prejudgment interest to Plaintiff and Class Members on these damages;

P.  An Order awarding reasonable attorney's fees and costs incurred by Plaintiff under the Michigan WOWA as provided by statute;

Q.  The Court grant such other and further relief as the Court may deem just or equitable.


Respectfully Submitted,


Dated: April 25, 2017                    */s/ Robert Anthony Alvarez*            .
                                         Robert Anthony Alvarez (P66954)
                                         AVANTI LAW GROUP, PLLC
                                         600 28th Street SW
                                         Wyoming, MI 49509
                                         (616) 257-6807



*[THIS SPACE INTENTIONALLY LEFT BLANK]*

I declare under penalty of perjury that
the statements outlined above in this
Original Complaint are true and accurate
to the best of my knowledge, information
and belief.

Erik ~~~~~~~        4·23-17