UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIKA SALINAS CARVAJAL, )
               Plaintiff, )
) No. 1:17-cv-375
-v- )
) Honorable Paul L. Maloney
TRINITY HEALTH MICHIGAN, )
               Defendant. )
_____)

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant Trinity Health filed a motion to dismiss (ECF No. 13), which this Court referred to the magistrate judge for a report and recommendation. The magistrate judge has since issued his report and recommends the motion be granted. (ECF No. 22.) Plaintiff Carvajal filed objections. (ECF No. 25.) Defendant filed a response to the objections. (ECF No. 28.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed the record. The Court also considered Plaintiff's objections to the report and recommendation de novo. For the objections, the Court does not assign

any weight to the proposed findings of fact or conclusions of law.

### A. Count 4 – Civil Conspiracy

The magistrate judge recommends dismissing Plaintiff's conspiracy claim, finding that Plaintiff has not alleged a separate, actionable tort. Plaintiff objects, arguing that she has alleged a violation of the Fair Labor Standards Act (FLSA)

For Count 4, the recommendation will be adopted. Michigan law requires a plaintiff to prove a separate, actionable tort for a civil conspiracy claim. Plaintiff has not identified any authority—federal or state, published or unpublished—to support her assertion that a Michigan civil conspiracy claim can be maintained where the underlying unlawful act is the violation of a statute. At least one published opinion from the Michigan Court of Appeals has rejected a breach of contract claim as the basis for a civil conspiracy. *See, e.g., Urbain v. Beierling*, 835 N.W.2d 455, 464 (Mich. Ct. App. 2013).

### B. Count 1 – FLSA

The magistrate judge recommends dismissing Plaintiff's FLSA claim, finding that the economic-realities test factors favor finding that she was not an employee of Trinity Health. Plaintiff objects, arguing that the magistrate judge ignore facts and misapplied the law.

For Count 1, the recommendation will be adopted. The magistrate judge concisely set forth the applicable law. The magistrate judge also succinctly summarized the relevant facts for the economic-realities test. (R&R at 8 PageID.125.) Contrary to Plaintiff's assertion, the magistrate judge did not "completely disregard[]" the eight factors. (Obj. at 5 PageID.141.) The magistrate judge determined whether the complaint alleged facts sufficient to support each of the eight factors. And, the magistrate judge suggests how each

factor affects the determination of whether Plaintiff is an employee. The Court also agrees with the magistrate judge's discussion and resolution of the joint employer issue.

C. Counts 2 and 3

Counts 2 and 3 are state law claims, breach of implied contract and unjust enrichment. The magistrate judge recommends this Court decline to exercise supplemental jurisdiction over the two claims. The magistrate judge reasons that without the FLSA claim, Plaintiff has no basis for federal jurisdiction. Plaintiff's objection relies on her ability to maintain her FLSA claim in this lawsuit. (Obj. at 1 n.1 PageID.137.)

For these reasons, the Report and Recommendation (ECF No. 22) is **ADOPTED** as the Opinion of this Court. Defendant Trinity Health's motion to dismiss (ECF No. 13) is **GRANTED. IT IS SO ORDERED.**

Date: May 3, 2019                         /s/ Paul L. Maloney
                                          Paul L. Maloney
                                          United States District Judge